UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NAKEITHA IVY PATTERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: _____ |
| UNITED STATES POSTAL SERVICE and JOHN DOE, | ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, NAKEITHA IVY PATTERSON, Plaintiff, and alleges as follows:

### I.   PARTIES

1.1   Plaintiff NAKEITHA IVY PATTERSON is a resident and citizen of Humble, Harris County, Texas. She brings this negligence action on behalf of herself.

1.2   Defendant JOHN DOE is an unknown driver. This Defendant's identity and whereabouts are currently unknown. Plaintiff files suit against this individual for the purpose of preserving the Statute of Limitations against this Defendant and intends to serve said individual with citation and process when his identity becomes known.

1.3   Defendant UNITED STATES POSTAL SERVICE is a United States Government entity that does business in Texas. Defendant may be served with process via certified mail at United States Attorney's Office at 1000 Louisiana Street, Suite 2300, Houston, Texas 77002. Additionally, Defendant must be served via registered or certified mail to U.S. Attorney General, Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C., 20530.

## II.   JURISDICTION & VENUE

2.1   The district court has jurisdiction of this civil action pursuant to 39 U.S.C. § 409. The United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service. *Id.*

2.2   Venue is properly before this Court under 28 USC § 1442(a)(1) because a substantial part of the events giving rise to this claim occurred in Harris County, Texas.

## III.   CONDITIONS PRECEDENT

3.1   All conditions precedent have been performed or have occurred.

## IV.   FACTS

4.1   On or about May 23, 2019, in Harris County, Texas, Defendant JOHN DOE was negligent in the operation of an 18-wheeler. While operating his vehicle, Defendant JOHN DOE struck Plaintiff's vehicle. At the time of the collision Defendant JOHN DOE was an employee of Defendant UNITED STATES POSTAL SERVICE, was conducting business on behalf of Defendant UNITED STATES POSTAL SERVICE in Harris County, Texas, and was operating the 18-wheeler for the benefit of Defendant UNITED STATES POSTAL SERVICE. Defendants' negligence proximately caused Plaintiff's injuries and damages as described herein. Plaintiff brings suit on the following causes of action.

## V.   CAUSES OF ACTION: DEFENDANT JOHN DOE AND DEFENDANT UNITED STATES POSTAL SERVICE

5.1   Defendant JOHN DOE was negligent in his actions and/or omissions in operating the 18-wheeler. Specifically, Defendant JOHN DOE was negligent in, but not limited to, the following manners:

   a) Failing to control the operating of the 18-wheeler;

   b) Failing to maintain a proper lookout;

      c) Failing to pay attention to his surroundings;

      d) Failing to avoid the incident in question;

      e) Failing to operate the 18-wheeler as a person of ordinary prudence would have in the same or similar circumstance;

      f) Failing to control the speed of the 18-wheeler;

      g) Operating the 18-wheeler at an unsafe speed;

      h) Failing to take proper evasive action;

      i) Failing to apply the appropriate brakes to the 18-wheeler;

      j) Failing to operate the 18-wheeler in a safe manner; and

      k) Other acts of negligence.

5.2 Defendant JOHN DOE's acts and/or omissions constitute a failure to use due care as described above. Defendant JOHN DOE's failure to use care was a proximate and producing cause of Plaintiff's injuries and damages as described more thoroughly herein. Defendant JOHN DOE is therefore liable to Plaintiff for her personal injuries and damages sustained as a direct result of Defendant JOHN DOE's negligence.

5.3 Defendant UNITED STATES POSTAL SERVICE is legally responsible to Plaintiff for the negligent conduct of Defendant JOHN DOE under the legal doctrine or *respondeat superior* because Defendant JOHN DOE was at all times material hereto an employee of Defendant UNITED STATES POSTAL SERVICE and was acting within the course and scope of such employment at all times relevant to this matter. As a result thereof, Defendant UNITED STATES POSTAL SERVICE is liable for all negligence of Defendant JOHN DOE.

## VI. CAUSE OF ACTION: DEFENDANT UNITED STATES POSTAL SERVICE

6.1 Defendant UNITED STATES POSTAL SERVICE was negligent in its errors and/or omissions in maintaining the 18-wheelers and/or trailers operated by its employees, including by not limited to the following:

a) allowing Defendant JOHN DOE to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

b) retaining Defendant JOHN DOE to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

c) entrusting a vehicle to Defendant JOHN DOE even though it knew or should have known he was a reckless or incompetent driver;

d) failing to properly train Defendant JOHN DOE in the safe operation of a motor vehicle;

e) failing to properly supervise Defendant JOHN DOE's driving activities;

f) failing to properly maintain the vehicle in a safe operational condition;

g) failing to maintain the vehicle to the minimal standard of safety;

h) failing to establish and enforce safety rules and regulations;

i) failing to properly educate, instruct, and supervise the performance of Defendant JOHN DOE's duties;

j) failing to adequately train, educate, or provide instructions and orders to Defendant JOHN DOE;

k) failing to provide proper safety manuals and instructions to employees responsible for safety; and

l) failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment.

## VII.   DAMAGES

7.1   As a direct and proximate result of the negligence of Defendant JOHN DOE and Defendant UNITED STATES POSTAL SERVICE, Plaintiff suffered damages allowed by law for personal injuries in an amount in excess of $75,000.00.

7.2   As a further result of the negligence of Defendant JOHN DOE and Defendant UNITED STATES POSTAL SERVICE, Plaintiff NAKEITHA IVY PATTERSON has suffered serious and permanent personal injuries. Plaintiff NAKEITHA IVY PATTERSON suffered the following damages:

  a) Medical expenses incurred in the past;

  b) Medical expenses which in all probability will be incurred in the future;

  c) Loss of past earning capacity;

  d) Loss of earning capacity which in all probability will be sustained in the future;

  e) Physical impairment in the past;

  f) Physical impairment which in all probability will be sustained in the future;

  g) Physical pain and mental anguish in the past; and

  h) Physical pain and mental anguish will in all probability be sustained in the future.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests this Court issue citation to Defendants to answer, and upon a trial by jury of this matter, enter judgment against the above-named Defendants for compensatory damages in an amount in excess of $75,000.00, together with prejudgment and postjudgment interest, attorneys' fees and costs, and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**THE STANO LAW FIRM**

By: *(signature)*
    **MATTHEW C. STANO**
    SBN: 24077073 FBN: 2505335
    mstano@stanolawfirm.com
    **JASON M. BROOKS**
    SBN: 24092177 FBN: 3541123
    jbrooks@stanolawfirm.com
    **FRANK A. SEDITA**
    SBN: 24094194 FBN: 2800318
    fsedita@stanolawfirm.com
    *Attorney in Charge*
    THE STANO LAW FIRM
    Chase Bank Building
    19747 Highway 59 N, Ste. 400
    Humble, TX 77338
    T: 832-777-0390
    F: 713-969-4969
    E-service: service@stanolawfirm.com

**ATTORNEYS FOR PLAINTIFF**